IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**DAVID WEIHBRECHT** and
**RITO SAMORA, JR.,**

      Plaintiffs,

v.                                                                                            No.08-CV-00358-BB

**COUNTY OF LINCOLN, CORNELL
CORRECTIONS OF TEXAS, INC.,**
and **RAYMOND LAFAVE**,

      Defendants.


**MEMORANDUM OPINION AND ORDER**


      This motion is before the Court on Defendants' joint Motion to Dismiss [Doc. 6]. The Court, having considered the motion, response, reply, and relevant law, and being otherwise fully informed, finds that the motion will be **GRANTED** as to Plaintiffs' negligence claim against the County of Lincoln and **DENIED** in all other respects.

      **I. Background**

      Plaintiffs David Weihbrecht and Rito Samora, Jr. brought the underlying suit claiming violations of their constitutional rights, pursuant to 42 U.S.C. §1983, and negligence. In their complaint Plaintiffs allege that on October 12, 2007 they were working the graveyard shift at the Allsups convenience store in Carrizozo, New Mexico, the only facility open twenty-four hours in Carrizozo. The Lincoln County Detention Center ("LCDC"), operated by Defendant Cornell Corrections of Texas ("Cornell Corrections"), is also located in Carrizozo. Plaintiffs allege that in the early morning hours of October 12, 2007 a vehicle driven by an individual whom Plaintiffs recognized as LCDC Officer Lafave drove up to the store, permitted a person in prison pants and a white t-shirt to exit the vehicle, and then drove off. They allege that this individual was an escaped and armed prisoner from LCDC, who held up Plaintiffs at knife point, threatening to

harm them if they did not give him cigarettes and the keys to a vehicle.  They allege that LCDC staff permitted this prisoner to look through his personal belongings while unsupervised and to retrieve a knife.  They allege that the inmate proceeded to use this knife to essentially hold Officer Lafave hostage, and force him to drive to the Allsups and drop him off. Plaintiffs maintain that Officer Lafave gave them no warning that he was about to release a dangerous individual in front of their store.  Plaintiffs allege that the inmate left their store after they were able to convince him that they did not have a vehicle, and that the inmate was subsequently apprehended.  Plaintiffs additionally maintain that LCDC is operated with a chronic shortage of qualified and trained employees.

**II. Standard on a Motion to Dismiss**

     Defendants seek dismissal of Plaintiffs' federal claim as to all Defendants, and Plaintiffs' state law claim as to the County of Lincoln and Officer Lafave for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12 (b)(6).  In addressing a motion to dismiss filed pursuant to Rule 12(b)(6), this Court is required to accept as true all well-pleaded facts alleged in the complaint and view them in the light most favorable to the nonmoving party.  *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). It is not sufficient that there be a "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims," but rather Plaintiff must allege enough to show that "this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Under this standard the burden is on the Plaintiff to draft a complaint with enough factual matter, taken as true, to suggest that he or she has a plausible, and not just speculative, entitlement to relief. *Robbins*, 519 F.3d at 1247.

**III. Plaintiffs' §1983 Claims**

Plaintiffs maintain that Defendants' actions violated their substantive due process rights. They bring suit for this violation pursuant to 42 U.S.C. § 1983.

*A. Defendant Lafave: State Created Danger Doctrine*[1]

State actors are generally only liable under the due process clause for their own acts, and not for private violence. *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 196-97 (1989); *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995). The Supreme Court has recognized two exceptions to this rule: (1) the special relationship doctrine; and (2) the state created danger doctrine. *DeShaney,* 489 U.S. at 199-200. Plaintiffs claim that, although Officer Lafave did not himself assault Plaintiffs, Defendants are liable for the assault pursuant to § 1983 under the state created danger doctrine.

Under the state created danger doctrine, "state officials can be liable for the acts of third parties where those officials created the danger that caused the harm." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) (internal quotations omitted). To state a prima facie claim for § 1983 liability under the state created danger doctrine, a plaintiff must allege that: (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking. *See id.* at 918. Further, "[t]his state-created danger doctrine 'necessarily involves

---

[1] Defendants do not contest that Defendant Lafave, although employed by a private corporation, is a state actor for purposes of § 1983. It is worth noting, however, that given that Defendant Lafave, as a correctional officer, was exercising a traditional government function, it seems clear that he qualifies as a state actor for purposes of § 1983 liability. *See, e.g., Peoples v. CCA Detention Centers,* 422 F.3d 1090, 1111 n.11 (10th Cir. 2005); *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

affirmative conduct on the part of the state in placing the plaintiff in danger.' " *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 995 (10th Cir.1994) (citation omitted).

    It appears that, viewing the facts in the light most favorable to Plaintiffs, Plaintiffs have adequately alleged a §1983 claim under the state created danger doctrine as regards Defendant Lafave. First, Plaintiffs have alleged that Defendant Lafave dropped off an armed and escaped prisoner in front of their store, giving them no warning and without radioing to law enforcement or fellow prison officers for assistance, thus creating the danger to Plaintiffs. Second, Plaintiffs have sufficiently alleged that Officer Lafave's conduct, in dropping the escaped prisoner off in front of the Allsups convenience store, the only open store in the vicinity, specifically put them in danger. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (noting that the alleged conduct must be directed at a discrete plaintiff rather than at the public at large). Third, Plaintiffs have alleged that the escaped prisoner was armed and threatened them with a knife, thus they have alleged that Defendant Lafave's conduct placed them at a substantial risk of serious, imminent, and proximate harm. Fourth, Plaintiffs have sufficiently alleged that the risk posed by dropping off an escaped and armed convicted inmate at a convenience store in the early hours of the morning was obvious. Fifth, Plaintiffs have alleged that Defendant Lafave drove the inmate away from the prison, aware that the inmate was armed, and dropped the armed inmate off in front of the Allsups convenience store without giving the employees any warning and without radioing for assistance. This alleged conduct rises above the level of mere negligence, and sufficiently meets the requirement that the Plaintiffs allege behavior that was reckless and done with a conscious disregard to the risk.

    Finally, the recklessness with which Defendant Lafave is alleged to have acted is sufficiently outrageous to meet the "conscience shocking" part of the test for purposes of a motion to dismiss. The Tenth Circuit has found that to state a prima facie claim on the conscience shocking part of the test, the behavior must go beyond negligence, and that a plaintiff must "demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Uhlrig*, 64 F.3d at 574. At the motion to dismiss stage it is sufficient that the actions alleged, viewed in total, could be construed as conscience shocking, depending on the context as determined after a full trial. *Currier*, 242 F.3d at 920. In alleging that Officer

Lafave affirmatively drove an armed escaped prisoner to the Allsups store and left him there giving no warning to the employees of the danger, Plaintiffs have sufficiently alleged deliberate and reckless government action which could be construed as conscience shocking.[2]

      Defendants cite several Fifth Circuit decisions to support their contention that Plaintiffs' allegations do not sufficiently allege a constitutional violation. Defendants note that in *Rios v. City of Del Rio*, 444 F.3d 417, 423-24 (5th Cir. 2006), the Fifth Circuit found that the plaintiff failed to state a claim for state created danger where the officer left a prisoner unattended in the back of his patrol car with the keys in the ignition and the prisoner escaped in the patrol car and injured the plaintiff. The court noted that there was no allegation that the officer knew that the prisoner would endanger any specific individual. Defendants additionally cite *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389 (5th Cir.1999), where the Fifth Circuit similarly found that the refusal of a senior deputy sheriff to arrest or investigate a truck driver whom he believed to be drunk was not a constitutional violation based on a state created danger theory where the officer was not aware of an immediate danger facing a known victim, and the officer did not act affirmatively to increase the danger to plaintiffs. Finally Defendants cite *De Jesus Benavides v. Santos*, 883 F.2d 385 (5th Cir.1989), where the Fifth Circuit found no constitutional violation where the plaintiffs, county jail guards, were shot by a prisoner attempting to escape, and where the defendants had been warned by the DEA nearly two weeks before that a jailbreak was imminent and defendants were also aware of a persistent pattern of contraband smuggling into the jail. There the Fifth Circuit noted that liability under the state created danger doctrine is unavailable where the state merely failed to protect against private violence, rather than affirmatively created the harm.

      All of these Fifth Circuit decisions are distinguishable from the case at bar. Unlike the situation in *Rios* or *Saenz*, Defendant Lafave's actions are not alleged to have increased danger to

---

[2]The Tenth Circuit has noted that in considering whether behavior shocks the conscience the Court must consider: (1) the need for restraint in defining the scope of substantive due process claims; (2) the concern that § 1983 not replace state tort law; and (3) the need for deference to local policymaking bodies in making decisions impacting public safety. *Uhlrig*, 64 F.3d at 573. The behavior alleged is sufficiently outrageous that, considering these factors, Plaintiffs have alleged enough to survive the motion to dismiss.

the public at large, but rather he is alleged to have increased the danger to two specific individuals, namely the two employees of the only open establishment in Carrizozo where Defendant Lafave dropped the inmate off.  Similarly, this is not a case in which Defendant Lafave failed to protect against private violence, but rather where the Officer is alleged to have affirmatively acted and created the danger to Plaintiffs by driving an armed and dangerous inmate off of prison premises and placing Plaintiffs directly in harms way.  Thus as regards Officer Lafave, Plaintiffs have sufficiently stated a claim for state created danger.

### B. County of Lincoln and Cornell Corrections

The state created danger doctrine cannot apply directly to either Cornell Corrections nor the County of Lincoln as the doctrine only permits liability for state officials where "those officials created the danger that led to the harm." *Currier*, 242 F.3d at 921 (quoting *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999).  It is also well established that under §1983 a municipality cannot be held vicariously liable, i.e. there is no municipal liability "*solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003). However, the Supreme Court in *Monell* established that a municipality may be liable for the constitutional violation of an employee where the violation came as a result of an official policy or custom. *Monell*, 436 U.S. at 694. While *Monell* exclusively addressed liability of municipal corporations and not private entities acting under color of state law, the Tenth Circuit has explicitly extended the holding in *Monell* to private §1983 defendants.[3] *Dubbs,* 336 F.3d at 1216. Thus to maintain a suit against either Lincoln County or Cornell Corrections under § 1983, Plaintiffs must establish two elements: (1) a constitutional violation, and (2) that a policy or custom of the defendant was the moving force behind the constitutional deprivation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998). The Court has already established that Plaintiffs have sufficiently alleged a constitutional violation under the

---

[3]Defendants do not contest that Cornell Corrections, a private correctional corporation undertaking what is traditionally a government task, acted under color of state law for purposes of this lawsuit.

state created danger doctrine, thus to establish liability on the part of Cornell Corrections and the County of Lincoln, Plaintiffs must allege that a policy or custom was the moving force behind the violation. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)

      The Supreme Court has defined a municipal policy as a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a municipality's] officers." *Monell*, 436 U.S. at 690. Where the municipality has delegated final policymaking authority in a particular area to an official, decisions made by that official in that area constitute municipal policy for § 1983 purposes. *See Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484-85 (1986)). If the act is performed according to a custom that has not been formally approved by a municipal decisionmaker, the municipality may still be liable where the relevant practice is so widespread as to have the force of law. *Id.* In the absence of an explicit policy or entrenched custom, "the inadequacy of police training may serve as a basis of § 1983 liability...where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) (quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).

      Where, as here, the County has delegated the final decision-making or policy-making authority for a traditional municipal function to a private entity, the County may be liable for a policy of that private entity should a policy of that entity prove unconstitutional. *Herrera v. County of Santa Fe*, 213 F. Supp. 2d 1288, 1291 (D.N.M. 2002); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 n.9 (11th Cir. 1985) (analogizing the delegation by a municipality of final policy-making or decision-making to an official to the delegation of a municipality of such decision-making to a private contractor).

      Plaintiffs allege in their complaint that "Defendants have established a custom and practice of operating [LCDC] with untrained employees and [an] understaffed workforce." [Plaintiffs' Complaint at ¶8]. It appears that Cornell Corrections is responsible for the operation and maintenance of LCDC and that Officer Lafave was an employee of Cornell Corrections. [Plaintiffs' Complaint at ¶ 6, 33]. Plaintiffs' allegations, while brief and somewhat conclusory, suggest that Plaintiff has a plausible cause of action against Cornell Corrections, based on policy

or custom as well as based on a failure to train.  To the extent that Lincoln County is directly responsible for policies at LCDC, Plaintiff has sufficiently stated a claim against Lincoln County at this stage.[4]  To the extent Lincoln County has delegated final decision-making authority regarding policy at LCDC, a traditional governmental function, to Cornell Corrections, the policies of Cornell Corrections may be attributed to Lincoln County as the policies of the municipality.  As such Plaintiffs have sufficiently stated a claim against Lincoln County and Cornell Corrections and Defendants' motion to dismiss Plaintiffs' § 1983 cause of action is denied.

**III. Plaintiffs' State Law Claims**

Defendants additionally seek to dismiss Plaintiffs' state-law negligence claim, on the basis that Officer Lafave and the County of Lincoln are protected by state sovereign immunity. Defendants maintain that New Mexico has not expressly waived sovereign immunity in this situation, and thus Plaintiffs have no cause of action against Lincoln County nor Officer Lafave for Count II.[5]

Under New Mexico law, governmental entities and public employees acting within the scope of their duty are granted immunity from liability for any tort except as waived expressly by statute. N.M. Stat. Ann. 1978, § 41-4-4.  New Mexico has statutorily waived its sovereign immunity under the Tort Claims Act where a law enforcement officer, while acting within the scope of his duties, causes "personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico." N.M. Stat. Ann. 1978 § 41-4-12.

---

[4] Under New Mexico law, counties are required to ensure that the jails are operated properly, by inspecting the jails at least twice per year for "cleanliness and discipline" and compliance with law.  N.M. Stat. Ann. 1978 § 33-3-4.

[5] Defendants do not claim sovereign immunity protection for Cornell Corrections on this Count.

The New Mexico Supreme Court has found that to waive sovereign immunity under § 41-4-12 the officer need not inflict the injury himself, as long as his negligence resulted in the commission of one of the torts enumerated in the statute. *See Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 916 P.2d 1313, 1319 (N.M. 1996); *Methola v. County of Eddy*, 622 P.2d 234, 238 (N.M. 1980). If Officer Lafave was a public employee, it appears that Plaintiffs' allegations that Officer Lafave's negligence led to their assault would be sufficient to waive any sovereign immunity that might apply to him. *See also Blea v. City of Espanola,* 870 P.2d 755, 758 (N.M. App. 1994) (finding waiver of immunity where officer's failure to detain drunk driver led to battery by that drunk driver). However, Officer Lafave does not appear to be a public employee, but rather an employee of Cornell Corrections, an independent contractor. The Tort Claims Act therefore grants him no immunity from tort liability. *Giron v. Corrections Corp. of Am.*, 14 F. Supp. 2d 1245, 1252 (D.N.M 1998) (reviewing New Mexico's statutory provisions governing private prison operators and finding that the New Mexico legislature did not intend for corrections officers employed by private prison operators to have the same tort immunities as those possessed by corrections officers employed directly by the state).

Lincoln County, in contrast, does not appear to have sufficient involvement in the underlying tort to sustain Plaintiffs' negligence claim. Under New Mexico law "[a] governmental entity is not immune from liability for any tort of its employee acting within the scope of duties for which immunity is waived." *Weinstein,* 916 P.2d at 1318. The New Mexico Courts have adopted respondeat superior for tortious conduct under the Tort Claims Act, and established that a county may be liable for tortious conduct where the county has either legal or de facto supervisory control over the tortious actor and the county's involvement is not so remote as to make suit improper. *Id.* at 1318-19.

Plaintiffs face two challenges in their negligence claim against the County of Lincoln. First, Defendant Lafave is not an employee of the County, but rather an employee of Cornell Corrections. As such it is difficult to see how traditional concepts of respondeat superior would imply liability for Defendant Lafave's negligent conduct to the County. Second, Plaintiffs have not alleged that the County had supervisory control over Officer Lafave, and the County's involvement in the incident is far too attenuated to extend liability for Officer Lafave's

9

negligence to the County. As such Lincoln County is not a proper Defendant to Plaintiffs' negligence claim.

The Court thus will dismiss the state-law negligence claim as against Lincoln County, but will permit the remainder of Plaintiffs claims to proceed.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's Motion to Dismiss [Doc. 6] is GRANTED as to Plaintiffs' negligence claim against the County of Lincoln, and DENIED in all other respects.

Dated this 2d day of September, 2008.

*[signature]*

**BRUCE D. BLACK**
**United States District Judge**